UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
DOCKET NO. 2:14-CV-00002-FDW

| | |
|---|---|
| ROGER D. HARVERSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN, Commissioner of )<br>Social Security Administration, )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. No. 29). On November 20, 2014, Defendant Acting Commissioner ("Commissioner") filed a Response to Plaintiff's Motion for Attorney Fees (Doc. No. 30), informing the Court that Defendant does not oppose Plaintiff's Motion, so long as it is the only petition filed by Plaintiff in this case under 28 U.S.C. § 2412(d). For the reasons stated herein, and subject to the stipulations provided in this Order, Plaintiff's Motion is GRANTED.

The Court grants Plaintiff's Motion pursuant to the power of this Court to award fees to a prevailing party other than the United States incurred by that party in a civil action against the United States, including proceedings for judicial review of agency action, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), and in light of this Court's September 10, 2014 Order reversing the final decision of the Commissioner and remanding this case to Commissioner for further administrative proceedings.

IT IS HEREBY ORDERED that the Court will award attorney fees in the amount of four thousand six hundred and twelve dollars and fifty cents ($4,612.50) in full satisfaction of any and

all claims Plaintiff may have in this case under the EAJA. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

Pursuant to the United States Supreme Court's ruling in <u>Astrue v. Ratliff</u>, 130 S. Ct. 1251 (2010), these attorney's fees are payable to Plaintiff as the prevailing party and are subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff may owe to the government. If, subsequent to the entry of this Order, the Commissioner determines that Plaintiff owes no debt to the government that would subject this award of attorney's fees to offset, the Commissioner may honor Plaintiff's May 2, 2014 signed Affidavit and Waiver of Direct Payment of EAJA Fees (Doc. No. 29-2), providing for payment of the subject fees to Plaintiff's counsel, rather than to Plaintiff. If, however, Plaintiff is discovered to owe the government any debt subject to offset, the Commissioner shall pay any attorney's fees remaining after such offset to Plaintiff rather than to counsel. Should this occur, any remaining fees made payable to Plaintiff shall be sent to his counsel.

IT IS SO ORDERED.

Signed: November 21, 2014

Frank D. Whitney
Chief United States District Judge